# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-0680V
UNPUBLISHED

| | |
|---|---|
| FELIX WILLIS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: January 24, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jerome A. Konkel*, Samster, Konkel & Safran, S.C., Milwaukee, WI, for Petitioner.

*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On May 8, 2019, Felix Willis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from a left shoulder injury related to vaccine administration ("SIRVA") following his receipt of an influenza ("flu") vaccine on March 26, 2018. Petition at 1, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 15, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On January 24, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $42,000.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $42,000.00, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

_____
                                    )
FELIX WILLIS,                       )
                                    )
        Petitioner,                )
                                    )    **No. 19-680V**
v.                                  )    **Chief Special Master Corcoran**
                                    )    **ECF**
SECRETARY OF HEALTH AND             )
HUMAN SERVICES,                     )
                                    )
        Respondent.                )
_____ )

## PROFFER ON AWARD OF COMPENSATION

On December 15, 2021, Respondent filed an Amended Rule 4(c) report stating that he does not contest that petitioner is entitled to compensation in this case. ECF No. 33. That same day, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation. ECF No. 34.

**I.**    **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $42,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

**II.**    **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $42,000.00, in the form of a check payable to petitioner. Petitioner agrees.

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4138
Email: claudia.gangi@usdoj.gov

Dated: January 24, 2022