# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0680V
(not to be published)

| | |
|---|---|
| FELIX WILLIS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: September 27, 2022<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Jerome A. Konkel*, Samster, Konkel & Safran, S.C., Milwaukee, WI, for Petitioner.

*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

      On May 8, 2019, Felix Willis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from a left shoulder injury related to vaccine administration following his receipt of an influenza vaccine on March 26, 2018. Petition at 1, 5. On January 24, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 39.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated July 25, 2022 (ECF No. 44), requesting a total award of $37,768.59 (representing $29,110.10 in fees and $8,658.49 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he no out-of-pocket expenses. ECF No. 44-1. Respondent reacted to the motion on August 8, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 45. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

For attorney Jerome A. Konkel, Petitioner requests the following rates: $368 per hour for time billed in 2018; $378 per hour for time billed in 2019; $433 per hour for time billed in 2020; $455 per hour for time billed in 2021; and $490 per hour for time billed in 2022. ECF No. 44-1 at 5. These rates have been previously reviewed in other cases and deemed appropriate for Mr. Konkel, and I shall therefore award them as requested. I also deem the work performed on this case to be reasonable as well. No adjustments will be made to the total sum requested for attorney work on this case.

## ATTORNEY COSTS

Petitioner also requests $8,658.49 in overall costs. (ECF No. 58-4 at 25). This amount is comprised of obtaining medical records, copy charges, and expert costs. I have reviewed all the requested costs and find most of them to be reasonable, but costs associated with Petitioner's expert require further review.

Petitioner is seeking the amount for $7,800.00 for work performed by John G. Costouros, M.D. ECF No. 44-1 at 26. Dr. Constouros was contacted to review medical records and prepare an expert report, and he requests compensation at the rate of $600.00 per hour. Dr. Constouros has, however, previously been awarded only the lower rate of $550 per hour for his work in the Program. *See Sandoval v. Sec'y of Health & Huaman Servs.*, No. 16-0304V, 2020 WL 3577846 (Fed. Cl. Spec. Mstr. Jun. 10, 2020); *Trigoboff v. Sec'y of Health & Human Servs.,* No. 17-1117V, 2021 WL 1970205 (Fed. Cl. Spec. Mstr. Apr. 22, 2021). I agree with the reasoning in such decisions, and therefore award Dr. Costouros the same $550 hourly rate. This reduces the costs to be awarded by **$650.00**.[3]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$37,118.59** (representing $29,110.10 in fees and $8,008.49 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's

---

[3] This amount consists of: $600 - $550 = $50 x 13 hrs = $650.

3

counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.